[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13104
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00042-WTH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN RAMOS-COLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Esteban Ramos-Colin appeals his 30-month sentence after being tried and

convicted for conspiracy to transport unlawful aliens, in violation of 8 U.S.C.

§§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i).

On appeal, Ramos-Colin argues that the district court committed a clear error by assessing a six-level increase under U.S.S.G. § 2L1.1(b)(2)(B), which applies if the offense involves at least 25, but not more than 99, unlawful aliens. Specifically, he contends that the evidence the government submitted in support of the increase was not sufficiently reliable. First, he asserts that the government presented almost no physical evidence to corroborate a co-offender's statement that Ramos-Colin paid him to smuggle a total of 40 aliens. Second, Ramos-Colin argues that his own incriminating statements were too imprecise to be considered for purposes of the enhancement.

We review the district court's findings of fact for clear error. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1012 (2009). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotations omitted). Credibility determinations are factual findings within the province of the district court. *United States v. Villareal*, 613 F.3d 1344, 1349 (11th Cir. 2010).

When the defendant has objected to the facts contained in the PSI, as

Ramos-Colin has, it is the government's burden to prove the disputed facts by a preponderance of the evidence. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). A sentencing court may consider relevant information "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v. Bernardine*, 73 F.3d 1078, 1080-81 (11th Cir. 1996).

Under the Guidelines, a defendant is subject to a six-level increase if his offense involved the smuggling, transporting, or harboring of at least 25, but not more than 99, unlawful aliens. U.S.S.G. § 2L1.1(b)(2)(B). As with all level-increase provisions, a defendant may be subject to this increase on the basis of "all reasonably foreseeable acts . . . in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Thus, "[i]f a defendant is aware of the scope of a conspiracy outside of his individual actions, he may be held accountable for actions by co-conspirators even though he was not personally involved." *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1221 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 393 (2010).

Upon review of the record and consideration of the parties' briefs, we affirm. In the instant case, the government submitted sufficiently reliable evidence

to support the district court's finding that Ramos-Colin's offense conduct involved at least 25 unlawful aliens. First, according to the trial testimony of an agent with Immigration Customs and Enforcement ("ICE"), Ramos-Colin admitted that there were as many as 30 unlawful aliens waiting to be transported from the stash house he worked out of "at any given time." Second, a co-offender reported to a United States Border Patrol agent that Ramos-Colin had paid him to transport 40 unlawful aliens. Notably, the co-offender's overall account of his relationship to Ramos-Colin was substantially corroborated by other evidence, including Ramos-Colin's own testimony that he had made several payments to the co-offender as a fee for transporting aliens. Ramos-Colin's contrary assertions, that the government did not meet its burden because it lacked physical evidence to corroborate the co-offender's statement, and that his own incriminating statements were too imprecise, are not persuasive. Accordingly, the district court did not clearly err in finding that Ramos-Colin's conduct involved at least 25 unlawful aliens and applying a six-level increase under U.S.S.G. § 2L1.1(b)(2)(B).

**AFFIRMED.**